# Cases

# SECOND DEPARTMENT

IN THE

## APPELLATE DIVISION,

### February, 1899.

---

DANIEL A. DORAN, Appellant, *v.* HENRY BUSSARD, Respondent.

*City of Yonkers — removal of an action from a Justice's Court to a City Court —
it is a change of forum, not of venue, and is not prohibited by section 18 of article
3 of the Constitution.*

The removal of an action, commenced in the Justice's Court of the city of
Yonkers, to the City Court of that city, pursuant to chapter 186 of the Laws
of 1878, entitled "An act in relation to the city court of Yonkers," as amended
by chapter 416 of the Laws of 1893, constitutes a change of forum and not a
change of venue within the provision of section 18 of article 3 of the Consti-
tution of the State of New York, forbidding the Legislature to pass a local bill
"providing for changes of venue in civil or criminal cases."

APPEAL by the plaintiff, Daniel A. Doran, from a judgment of
the City Court of Yonkers in favor of the defendant, entered in
the office of the clerk of said court on the 26th day of May, 1898,
upon the verdict of a jury.

*Adrian M. Potter,* for the appellant.

*Ralph Earl Prime, Jr.,* for the respondent.

GOODRICH, P. J.:

The action was originally commenced in a Justice's Court in the
city of Yonkers and removed to the City Court of that city, pursu-
ant to chapter 186 of the Laws of 1878, entitled "An act in relation
to the city court of Yonkers," as amended by chapter 416 of the
Laws of 1893. The defendant contends that the act violates article

3, section 18, of the Constitution, which forbids the Legislature to pass a local bill "providing for changes of venue in civil or criminal cases." The question is first raised on this appeal. We are clearly of opinion that the act in question is not in conflict with the Constitution.

The constitutional inhibition does not relate to a removal of a cause from one court to another. The same provision appears in the amendments of the Constitution which took effect in January, 1875. There have been numerous acts of the Legislature, before and since that time, providing for the removal of causes from inferior to superior courts. Familiar instances of such removals can be found in the statutes authorizing the removal of causes from the District Courts of the city of New York to the Common Pleas of the city and county of New York, and from the Common Pleas, the Superior Courts of the cities of New York and Buffalo and the City Court of Brooklyn to the Supreme Court.

I can find no case which holds that such removal is a change of venue. On the contrary, it is a change of forum. This distinction is clearly recognized in section 319 of the Code of Civil Procedure, which provides for the removal of causes from the City Court of New York to the Supreme Court for the very purpose of changing the place of trial to some other county, and such legislation remains unchallenged.

The action was brought to recover broker's commissions, and the vital question was whether the plaintiff was the procuring cause of the sale. There was evidence which justified the submission of this question to the jury, and we see no reason to interfere with the verdict. We do not find that the other exceptions in the case require discussion.

The judgment must be affirmed, with costs.

All concurred.

Judgment affirmed, with costs.